**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| HYPERCUBE TELECOM, LLC,<br><br>               Plaintiff,<br><br>    vs.<br><br>U.S. TELEPACIFIC CORP.,<br><br>               Defendant. | Case No. **2:15-cv-00315-MCE-KJN**<br><br>**PROTECTIVE ORDER** |

On the Stipulation of the parties, Plaintiff HyperCube Telecom, LLC ("HyperCube") and Defendant U.S. TelePacific Corp. ("TelePacific") the Court enters this Protective Order to prevent unnecessary dissemination or disclosure of confidential information.  As used herein, the term "Parties" shall mean the Plaintiff, Defendant and any third parties collectively.  "Party" shall mean any party to the above referenced case.  The term Signatory shall mean any person who has agreed to be bound by the provisions of this Protective Order.

WHEREAS, discovery in the above-referenced matter may involve the disclosure of certain documents, things, testimony and information that constitute or contain trade secrets or other confidential financial, commercial or customer information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); and

WHEREAS, the Parties have stipulated that the protection of such information requires an order from the Court, not just an agreement between the Parties, (a) to reduce the likelihood of disputes arising between the Parties regarding the issues addressed herein, including a producing Party's designation of material as confidential and who may use such information; and (b) to provide one consistent set of terms to which any third-party subpoenaed person may join.

IT IS HEREBY ORDERED as follows:

1.      This Protective Order shall apply to all information, documents, testimony and things within the scope of discovery of the above referenced action that are in the custody or possession of the Parties, or either of them, and/or which were received by a Party from a third party under an obligation of confidentiality, which constitute or contain confidential financial, commercial, marketing or business information, customer or carrier proprietary network information within the meaning of 47 U.S.C. § 222 ("CPNI"), trade secrets, know-how or proprietary data relating to financial, commercial, marketing, business and other subject matter within the meaning of Rule 26(c)(1)(G), and which is properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("AEO") INFORMATION pursuant to the following provisions by any of the Parties producing the information including, but not limited to, documents and things responsive to requests for production of documents, responses to written interrogatories, responses to requests for admission, testimony adduced at depositions, and hearing or trial transcripts (the latter only to the extent that the information was introduced under seal or during a closed proceeding, in such hearing or trial).

2.      The Parties shall label or mark documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom (hereinafter "documents and things") and any other things that constitute or contain CONFIDENTIAL INFORMATION or AEO INFORMATION with the legend "CONFIDENTIAL MATERIAL," "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."      Documents and things that constitute or contain CONFIDENTIAL INFORMATION or AEO INFORMATION shall be labeled or marked with

the appropriate legend when the document or thing is produced to the Party or Parties seeking discovery, submitted for filing with the trial court, or introduced at any hearing (in accordance with the Court's Local Rules, as discussed in Paragraph 13, below).   The designations of "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" by any of the Parties constitutes the representation of the party that it reasonably and in good faith believes that the designated material constitutes or discloses trade secrets, know-how, proprietary data or commercial information within the meaning of Rule 26(c)(1)(G) that has previously been maintained in confidence, or, if newly created, will be maintained in confidence.  Similarly, a designation of "ATTORNEYS' EYES ONLY" by any of the Parties constitutes the representation of the party that it reasonably and in good faith believes that the designated material constitutes CPNI or CONFIDENTIAL INFORMATION that is of such a highly competitive nature that disclosure could cause harm in the marketplace within the meaning of Rule 26(c)(1)(G),  and that has previously been maintained in confidence or, if newly created, will be maintained in confidence. Documents and things produced without a legend designating the material confidential shall not be subject to this Protective Order.

3.      Testimony adduced at depositions upon oral examination of current or former directors, officers, employees or agents of a Party, or any witness pursuant to Paragraph 9 below, that constitutes or contains CONFIDENTIAL INFORMATION or AEO INFORMATION may be so designated when such testimony is provided or within fifteen (15) days after an official deposition transcript is provided to the designating party.  The Parties agree to mark all copies of such deposition transcripts with the appropriate legend. The Parties agree to treat all testimony adduced at each deposition as being CONFIDENTIAL or AEO INFORMATION (depending on the highest level of material used in the deposition) for at least until fifteen (15) days after the deposition transcript is provided.  If notice is timely received prior to the expiration of such fifteen (15) days that a Party has designated transcript pages or testimony as "CONFIDENTIAL" or "ATTORNEYS EYE'S ONLY" such testimony and/or pages shall be deemed

PROTECTIVE ORDER

CONFIDENTIAL INFORMATION or AEO INFORMATION under this Order.   All other testimony shall not be subject to this Order.

4.   If a Party or third party, through inadvertence, produces or provides discovery of any CONFIDENTIAL INFORMATION or AEO INFORMATION without labeling or marking it with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as provided in Paragraphs 2-3 of this Protective Order, the producing party may give written notice to the receiving party that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or AEO INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and unless such designation is challenged pursuant to Paragraph 14 of this Protective Order, the receiving party shall treat such documents, things, information, responses and testimony as CONFIDENTIAL INFORMATION or AEO INFORMATION and shall mark the documents or things "CONFIDENTIAL MATERIAL" OR "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and so notify the producing party.  Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to a person not authorized to receive CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

5.   Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any Party from moving this Court for a further order pursuant to Fed. R. Civ. P., Rule 26(c) or any other provision of the Federal Rules of Civil Procedure.  Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or AEO INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

6.   There is no waiver of the attorney-client privilege or the attorney work-product doctrine should document(s) and thing(s) be produced which the producing party in good faith asserts are covered by the attorney-client privilege or the attorney work-product immunity and

PROTECTIVE ORDER

which were inadvertently produced.  Upon notice by a producing party with an explanation of (a) how the document(s) is privileged or protected, and (b) how the document(s) was inadvertently produced, the receiving party shall immediately return the originals and all copies of the privileged or immune document(s) or thing(s).

7.      Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as described in Paragraphs 2 through 4 of this Protective Order may be offered into evidence at hearings on motions and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to Paragraph 8 through 13 below and to any further order regarding confidentiality that this Court may enter.

8.      Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as described in Paragraphs 2 through 4 of this Protective Order shall be deemed and treated appropriately, unless and until this Court rules to the contrary, and one Party's access to another Party's CONFIDENTIAL INFORMATION or AEO INFORMATION and disclosure thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a)      Any in-house counsel of a Party to the extent necessary in the conduct of this litigation or in rendering legal advice in connection with this litigation, and the stenographic, clerical and paralegal employees and agents of said counsel (those whose job includes work with in-house counsel on litigation) whose duties and responsibilities require access to material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Each Party must provide to the producing Party an identification of all in-house counsel to whom disclosure of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will be made in advance of such disclosure.

(b)      Outside counsel of record for the Parties, and outside counsel's employees or agents (including any vendors who may be retained by outside counsel to assist with discovery)

5

whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(c)     Other outside counsel that are retained or engaged by a Party for purposes of this litigation, and outside counsel's employees or agents whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(d)     Outside experts (whether retained as testifying or consulting experts) that are retained or engaged by a Party for purposes of this litigation, and outside experts' employees or agents whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(e)     Current employees of a Party who are not competitive decision makers may receive CONFIDENTIAL INFORMATION to the extent necessary to provide advice in the conduct of this litigation.  Former TelePacific employees William Kearney and Cleata Zelenka ("named former employees"), whom TelePacific represents are not competitive decision makers for HyperCube or any competitor of HyperCube, may receive CONFIDENTIAL INFORMATION to the extent necessary to provide advice in the conduct of this litigation.  A "competitive decision maker" is any officer, director, or employee of a Party who has authority to make or substantially influence business decisions for the Party concerning prices, products or services offered in any telecommunications market.  Current and named former employees of a Party who are not competitive decision makers can only review "ATTORNEYS' EYES ONLY" information after the producing party is notified of the identity of the individual, her/his title and job duties at the Party, and has been provided a detailed basis for why that individual should be entitled to see otherwise "ATTORNEYS' EYES ONLY" documents.  The producing party may challenge the individual in writing within five (5) business days of notification.  The parties shall thereafter try to resolve any disputes in good faith on an informal basis.  If the dispute cannot be resolved, the producing party shall move the Court to enforce its designation if the parties fail to resolve the dispute informally.  The producing party shall have the burden of establishing that the individual should not have access to the material.  The foregoing provisions of this subparagraph

PROTECTIVE ORDER

8(e) notwithstanding, the following employees shall have access to CONFIDENTIAL INFORMATION and AEO INFORMATION after each has signed the annexed Exhibit A-2: Nancy Lubamersky (TelePacific) and Robert McCausland (HyperCube).

(f)     If a Party's counsel wishes to disclose another Party's material designated "CONFIDENTIAL" or, where appropriate, "ATTORNEYS' EYES ONLY" to counsel not of record pursuant to subpart (c) above, outside Consultants and Experts pursuant to subpart (d) above, or current or named former employees pursuant to the subpart (e) above, that Party's counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A-1 (CONFIDENTIAL only) or A-2 (CONFIDENTIAL AND ATTORNEYS' EYES ONLY) from each such counsel, consultant or current or named former employee who would require access to material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Counsel intending to disclose such material shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals or referrals to any administrative agencies, and shall make a copy of each such undertaking available at the deposition of any such person who is deposed.

(g)     Nothing in this Paragraph restricts a Party from disclosing to its own officers, directors, partners, members or employees CONFIDENTIAL INFORMATION or AEO INFORMATION it has produced or from disclosing CONFIDENTIAL INFORMATION or AEO INFORMATION to any officer, director, partner, member or employee of the Party that produced the CONFIDENTIAL INFORMATION or AEO INFORMATION.

9.    (a)     Any Party may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose CONFIDENTIAL INFORMATION or AEO INFORMATION to: (1) any person identified in Paragraph 8 that is entitled to see such information; or (2) any Party or Signatory to this Protective Order, or any officer, director, partner, member or current or named former employee of a Party who has signed an Undertaking in the form of annexed Exhibit A-2 and is otherwise entitled to see such documents.  Copies of CONFIDENTIAL INFORMATION or AEO INFORMATION shown to such Signatory or to

7

such officer, director, partner, member or current or named former employee of a Party (that is entitled to see such documents) in preparation for his or her deposition may be retained during preparation for the deposition, but Signatories or such officers, directors, partners, members, or current or named former employees of a party must return all CONFIDENTIAL INFORMATION or AEO INFORMATION used in the deposition preparation within five (5) business days of reading and signing the deposition transcript.  Nothing in this sub-paragraph restricts a Party from disclosing to its own officers, directors, partners, member or employees CONFIDENTIAL INFORMATION it has produced or from disclosing CONFIDENTIAL INFORMATION to any officer, director, partner, member or employee of the Party that produced, drafted, or previously received the CONFIDENTIAL INFORMATION.

(b)     Nothing in this Protective Order shall prohibit a Party from using CONFIDENTIAL INFORMATION or AEO INFORMATION produced, drafted, or previously received by a Party in a deposition of that Party or any officer, director, employee, expert of agent of that Party.

(c)     Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may elect to become Signatories to this Protective Order by executing an Election in the form of the attached Exhibit B.  Such third parties shall then enjoy the benefits of this Protective Order as to the protection of CONFIDENTIAL INFORMATION or AEO INFORMATION produced by said third parties, and they shall also be bound by the obligations of this Protective Order, including the obligation to maintain the confidentiality of CONFIDENTIAL INFORMATION or AEO INFORMATION.  With respect to any such third party, the provisions of Paragraph 9(a) shall apply with respect to depositions and preparation for depositions.

(d)     This Protective Order does not limit the right of a Party to offer CONFIDENTIAL INFORMATION or AEO INFORMATION into evidence at trial, or to use it for any other lawful trial purpose including impeachment, subject to the provisions of Paragraph 13, below.  A Party may seek advance determination by the Court of the admissibility or non-

8

admissibility of CONFIDENTIAL INFORMATION or AEO INFORMATION.  The Court may apply restrictions, as it deems appropriate, on the manner of use of CONFIDENTIAL INFORMATION or AEO INFORMATION at trial, on re-publication of CONFIDENTIAL INFORMATION or AEO INFORMATION introduced at trial, and on public access to CONFIDENTIAL INFORMATION or AEO INFORMATION introduced at trial.

(e)     Subject to the Federal Rules of Evidence, documents stamped CONFIDENTIAL MATERIALS or CONFIDENTIAL or ATTORNEYS' EYES ONLY and any other CONFIDENTIAL INFORMATION may be offered in evidence at trial or any Court hearing, subject to the provisions of Paragraph 13, below.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

10.     In the event that the Parties desire to provide access to or disseminate CONFIDENTIAL INFORMATION or AEO INFORMATION to any person not otherwise entitled to access under this Protective Order, the Parties may agree to allow such access or any Party may move the Court for an Order that such person be given access thereto.  In the event that the motion is granted, such person may have access to CONFIDENTIAL INFORMATION or AEO INFORMATION after first signing an Undertaking in the form of Exhibit A-1 or A-2 attached hereto, as applicable.   Counsel seeking disclosure of such CONFIDENTIAL INFORMATION or AEO INFORMATION shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals.

11.     Material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" including all information derived therefrom and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence, shall not be made public by any Party or person entitled under the terms of this Protective Order to access such material, and shall not be used for any financial, commercial, marketing, business or other competitive purpose.

9

12.     If CONFIDENTIAL INFORMATION or AEO INFORMATION is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party becoming aware of such disclosure shall immediately inform the producing party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as confidential and demand that it be returned.

13.     If any material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS EYE'S ONLY" is to be filed with the court or submitted at any hearing or at the trial in this action, the Party wishing to file such material shall follow the Court's Local Rule 141 regarding the sealing of documents.

14.     The acceptance of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any Party may challenge the confidential designation of material as not confidential.  Such challenge must be in writing.  If the status of any material or information that has been designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is challenged, the producing party shall have fifteen (15) business days after receipt of the written challenge to object in writing to the challenge.  The parties shall thereafter try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the producing party shall move the Court to enforce its designation.  The producing party shall have the burden of establishing that the CONFIDENTIAL INFORMATION or AEO INFORMATION should not be declassified.  If there is no written objection to the initial written challenge within fifteen (15) business days thereof, the challenged material shall become non-confidential.

15.     This Protective Order shall not be construed to prevent the Parties from applying to this Court for relief therefrom, or from applying to this Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court.  The Protective Order shall not preclude the Parties from enforcing their rights against any other Party or any non-party believed to be violating their rights.  It is

PROTECTIVE ORDER

expressly understood between counsel for the parties that the category of personnel set forth in Paragraph 8 supra may be increased by agreement or upon a showing, subject to the approval of this Court, by any Party that such modification is necessary.

16.     Upon final termination of the action, including all appeals, the receiving Party may retain at its outside counsel of record in its case documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.  Such outside counsel may also retain a complete set of all documents filed with the Court in this action and all depositions and exhibits thereto.  With respect to any such retained material, this Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public and continue to be binding upon all persons to whom CONFIDENTIAL INFORMATION or AEO INFORMATION is disclosed hereunder.  Within thirty (30) days of final termination of this action, including all appeals, if a Producing Party requests that the receiving party do so, all copies and samples of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, (1) shall be assembled (except for any that may be retained by the Court) and returned to the producing Party's counsel, along with a certification in writing that all such materials have been returned; or (2) the receiving Party may alternatively destroy all such materials and certify in writing, the destruction thereof.  Accordingly, if a Producing Party has requested return or destruction, upon final termination of this action, no one, other than outside counsel of record in this case as described herein, shall retain any copies or samples of any material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

17.     The restrictions and obligations set forth herein relating to material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not apply to any information which: (a) the Parties agree should not be designated as "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

PROTECTIVE ORDER

(b) the Parties agree, or this Court rules, is already public knowledge; (c) the Parties agree, or this Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge or possession independently of the production by a Party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. The burden of proving prior knowledge is upon the Party asserting such prior knowledge. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if that person already has or obtains legitimate possession thereof.

18.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL INFORMATION" and/or "AEO INFORMATION"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL INFORMATION" or "AEO INFORMATION" to anyone not authorized to receive such information pursuant to the terms of this Protective Order.

19.     Notwithstanding the provisions and restrictions in this Protective Order on the designation, production, receipt, use, and disclosure of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," either party may use material produced in the instant case and designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," in the pending complaint proceeding at the California Public Utilities Commission (Docket No. **C.15-06-006** – U.S. TELEPACIFIC CORP. (U5721C) and MPOWER COMMUNICATIONS CORP. (U5859C), Complainants, v. HYPERCUBE TELECOM, LLC (U6592C), Defendant) for any purpose permitted by that Commission or the assigned Administrative Law Judge in that proceeding, provided that an

PROTECTIVE ORDER

equivalent protective order has been issued by that Commission or the assigned Administrative Law Judge in that proceeding.

20.     This Protective Order may be executed in counterparts and by facsimile, with all counterpart and facsimile signatures deemed to be part of one document.

**IT IS SO ORDERED:**

Dated:  July 21, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

HYPERCUBE TELECOM, LLC,

               Plaintiff,

     vs.

TELEPACIFIC COMMUNICATIONS CORP.
and U.S. TELEPACIFIC CORP.,

               Defendants.

Case No. **2:15-cv-00315-MCE-KJN**

**PROTECTIVE ORDER**
**EXHIBIT A-1 – Access to Confidential**
**Information Only**

UNDERTAKING OF _____

1.    My present address is _____.   My present employer is _____, and the address of my present employer is _____.   My present occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-entitled action, any CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4.    I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the producing party may assert other remedies against me.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

HYPERCUBE TELECOM, LLC,

               Plaintiff,

     vs.

TELEPACIFIC COMMUNICATIONS CORP.
and U.S. TELEPACIFIC CORP.,

               Defendants.

Case No. **2:15-cv-00315-MCE-KJN**

**PROTECTIVE ORDER**
**EXHIBIT A-2 – Access to Confidential and Attorney Eyes Only Information**

       UNDERTAKING OF _____

1.    My present address is _____.   My present employer is _____, and the address of my present employer is _____.   My present occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.  By signing below, I certify that I am eligible to review both CONFIDENTIAL and ATTORNEYS EYES ONLY material.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-entitled action, any CONFIDENTIAL or AEO INFORMATION including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4.    I will return all CONFIDENTIAL or AEO INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the producing party may assert other remedies against me.

PROTECTIVE ORDER

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

HYPERCUBE TELECOM, LLC,

                Plaintiff,

    vs.

TELEPACIFIC COMMUNICATIONS CORP.
and U.S. TELEPACIFIC CORP.,

                Defendants.

Case No. **2:15-cv-00315-MCE-KJN**

**PROTECTIVE ORDER**
**EXHIBIT B – ELECTION OF NON-PARTY**
**TO PARTICIPATE IN PROTECTIVE**
**ORDER**

NAME OF NON-PARTY:   _____

1.   My present address is _____.   My present employer is _____, and the address of my present employer is _____.   My present occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.   I hereby elect to become a Signatory to the Protective Order.  Any CONFIDENTIAL or AEO INFORMATION produced by me will be so designated in accordance with the terms of the Protective Order, and will receive the protections set forth in the Protective Order.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above- entitled action, any CONFIDENTIAL or AEO INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4.   I will return all CONFIDENTIAL or AEO INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

PROTECTIVE ORDER

18

5.   I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the producing party may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

PROTECTIVE ORDER

Proposed, stipulated protective order submitted by:

                                        HYPERCUBE TELECOM, LLC
                                        By Counsel

                                        _/s/Charles W. Steese_____
                                        CHARLES W. STEESE

                                        ANDREW D. CRAIN
                                        ARMSTRONG TEASDALE LLP
                                        6400 South Fiddlers Green Circle
                                        Suite 1820
                                        Denver, CO 80111

                                        CONOR FLYNN
                                        ARMSTRONG TEASDALE LLP
                                        3770 Howard Hughes Parkway,
                                        Suite 200, Las Vegas, NV 89169

                                        LEON M. BLOOMFIELD
                                        LAW OFFICES OF LEON M.
                                        BLOOMFIELD
                                        1901 Harrison Street, Suite 1620
                                        Oakland, CA 94612

                                        Attorneys for Plaintiff,
                                        HyperCube Telecom, LLC


                                        _/s/Stephen  P.  Bowen,  as  authorized  on  July
                                        10, 2015_____
                                        STEPHEN P. BOWEN
                                        BOWEN LAW GROUP

                                        ROCHELLE L. WILCOX
                                        DAVIS WRIGHT TREMAINE LLP

                                        Attorneys for Defendants
                                        U.S. TelePacific Corp.

PROTECTIVE ORDER