UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERCUBE TELECOM, LLC, | No.  2:15-cv-315-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| U.S. TELEPACIFIC CORP., | |
| Defendant. | |

Presently pending before the court is plaintiff HyperCube Telecom, LLC's ("HyperCube") motion to compel further discovery responses from defendant U.S. TelePacific Corp. ("TelePacific").  (ECF No. 40.)  On November 5, 2015, the parties filed a timely joint statement regarding their discovery disagreement pursuant to Local Rule 251.  (ECF No. 41.)  At the November 12, 2015 hearing on the motion, attorney Charles Steese appeared on behalf of HyperCube, and attorneys Stephen Bowen and Rochelle Wilcox appeared on behalf of TelePacific.  (ECF No. 43.)

In light of the court's discussion with the parties at the hearing, and for the reasons stated on the record, IT IS HEREBY ORDERED that:

1. The motion to compel (ECF No. 40) is GRANTED IN PART and DENIED IN PART.
2. As to Request for Production of Documents ("RFP") No. 3, TelePacific shall produce

1

by November 30, 2015, copies of any of its policies concerning, in whole or in part, 8YY traffic that were in effect since January 1, 2009.

3. As to RFP Nos. 4-7, TelePacific shall: (a) by November 18, 2015, provide HyperCube with a list of search terms it proposes to use in searching for and compiling documents responsive to these requests; and (b) by November 30, 2015, produce any responsive documents from custodian William Kearney that were located with the above-mentioned search terms.  Thereafter, the parties shall work diligently and cooperatively on modifying and refining the search terms, if necessary, and on a reasonable timeframe for producing the responsive documents from other custodians. TelePacific shall also make appropriate inquiries from Mr. Kearney and other relevant persons to ensure that all custodians with documents potentially responsive to these requests are identified.

4. As to RFP No. 10, TelePacific shall produce by November 30, 2015, all documents that relate to instructions or information that TelePacific has programmed into the SMS/800 Database including, but not limited to, changes or updates to the SMS/800 Database.

5. As to RFP No. 11, pursuant to the parties' agreement at the hearing, TelePacific shall produce by December 15, 2015, all call detail records ("CDRs") memorializing calls exchanged with HyperCube since January 1, 2012, regardless of whether such calls are characterized as interstate or intrastate calls.

6. As to RFP No. 12, TelePacific shall make diligent efforts to obtain AT&T's consent to produce the documents responsive to this request.  Regardless, TelePacific shall produce, no later than December 15, 2015, all contracts with AT&T, Inc., or any affiliate of AT&T, Inc. (including but not limited to AT&T Mobility) that address TelePacific's inbound 8YY traffic or relate to such 8YY traffic (e.g., contracts that provide for cumulative discounts with other services) and that were in effect since January 1, 2009.

7. As to RFP Nos. 15-16, TelePacific shall make diligent efforts to obtain consent from

any third parties to produce the documents responsive to these requests. Regardless, TelePacific shall produce, no later than December 15, 2015, all currently effective contracts with wireless/CMRS carriers and VoIP providers that relate, in whole or in part, to the transport of 8YY traffic on their behalf.

8. As to RFP Nos. 17-18, TelePacific shall produce by December 15, 2015, all unprivileged documents generated since January 1, 2009, that constitute, reflect, address, and/or discuss any analysis, opinion, or decision by TelePacific regarding the applicability of access charges when a carrier is involved in or assisting a wireless/CMRS carrier or VoIP provider originate or terminate a long distance call.

9. As to RFP Nos. 21-23, HyperCube withdrew its motion to compel production, because TelePacific has now produced the responsive documents.

10. As to RFP No. 24, TelePacific shall produce by November 30, 2015, all unprivileged documents reviewed in preparing its answers to HyperCube's First Set of Interrogatories and First Set of Requests for Admission.

11. As to Interrogatory Nos. 1-3 and RFP No. 8, TelePacific shall by November 30, 2015, make an initial good faith production of documents related to relevant disputes involving 8YY traffic switched access charges and provide a statement of the parameters of the search conducted. Thereafter, the parties shall diligently meet and confer regarding any modification or expansion of the search parameters, if necessary, and a timeline for completing the production of responsive documents.

12. As to RFP No. 14, TelePacific shall make diligent efforts to obtain consent from any third parties to produce the documents responsive to this request. Regardless, TelePacific shall produce by December 15, 2015, final/execution copies of all settlement agreements into which it has entered since 2005 regarding originating or terminating access charges, and which have an effect on originating or terminating access charges extending beyond January 1, 2009. TelePacific shall also produce copies of any further agreements entered into, or policies that were adopted, as a consequence of any such settlement agreements.

13. As to Interrogatory No. 6, TelePacific shall produce the agreed-upon responsive documents by November 30, 2015.

14. As to Interrogatory Nos. 16-17, TelePacific shall provide to HyperCube, no later than November 30, 2015, a declaration or other verified response that addresses whether TelePacific treats HyperCube differently from Verizon, AT&T, or other LECs with respect to bills for access charges involving wireless originated calls to toll free numbers, and if so, the reasons why.

15. Where appropriate, TelePacific may produce documents pursuant to the parties' stipulated protective order entered on July 21, 2015, or the parties may apply for an additional protective order, if warranted.

16. HyperCube's request for sanctions is denied.

IT IS SO ORDERED.

Dated:  November 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE